# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RINKAL PAREKH**, | : | CIVIL ACTION NO. 1:05-CV-2099 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **ALBERTO GONZALES, et al.**, | : | |
| Respondents | : | |

## **MEMORANDUM**

Presently ripe for disposition is Rinkal Parekh's ("Parekh") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Parekh is a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") who is seeking release from continued indefinite detention pending removal from the United States.  (Doc. 1).  For the reasons set forth below, the petition will be denied without prejudice.

## I. Background

Parekh, a native and citizen of India, entered the United States on or about September 25, 1997.  (Doc. 6-2, p. 4).  On February 8, 2005, ICE issued a "Notice of Intent to Issue a Final Administrative Removal Order" charging that he was deportable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. §1227(a)(2)(A)(iii), as amended, because he was convicted of an aggravated felony.  (Id.)  A final administrative order was issued on March 9, 2005, finding Parekh deportable and ordering that he be removed from the United States to India.  (Doc. 6-2, p. 15).

He was taken into ICE custody on February 16, 2005.  A custody review was

conducted, and on June 10, 2005, it was concluded as follows:

> Your file indicates that you were convicted in the State of Pennsylvania of Criminal Sexual Contact w[ith a ] minor. Because of the severity of this crime, and the fact that it was committed on a minor, the Immigration and Customs Enforcement considers you a threat to the community if released. ICE believes the Indian Embassy is working on issuing a travel document on your behalf.

(Doc 6-2, p. 24). A second custody review was conducted several months later and, on October 4, 2005, a decision to continue detention was issued stating the following:

> You have been convicted for Sexual Contact with a Minor. . . . A request for a travel document was submitted to the Consulate of India and the process to verify your identity is ongoing. The government of India regularly issues documents to effect the repatriation of its nationals.
>
> Based on the above, you are deemed a flight risk if released and you are to remain in ICE custody pending your removal from the United States.

(Doc. 6-2, p. 27).

Petitioner filed the present petition for writ of habeas corpus on October 14, 2005, alleging that his indefinite detention is unconstitutional. (Doc. 1). He is seeking immediate release pending removal to India.

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Continued detention beyond the mandated 90-day

removal period is authorized, but only as long as "reasonably necessary" to effectuate removal from the country.  <u>Zadvydas v. Davis</u>, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized." <u>Id</u>. at 699.  "The [<u>Zadvydas</u>] Court further held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is '"no significant likelihood of removal in the reasonably foreseeable future."'" <u>Clark v. Martinez</u>, 543 U.S. 371, 125 S.Ct. 716, 722 (2005)(quoting <u>Zadvydas</u>, 533 U.S. at 701).

Parekh has failed to meet his burden under <u>Zadvydas</u> of showing that removal is unlikely in the reasonable future.  Parekh completed the necessary paperwork (Doc. 6-2, pp. 17-20), travel documents were requested from the Consulate of India, and the process to verify Parekh's identity is said to be ongoing. Further "[t]he government of India regularly issues documents to effect the repatriation of nationals."  (Doc. 6-2, p. 27).

Parekh maintains that he is subject to release because travel documents have not been issued, and it is not likely that he will be removed in the "reasonably likely future."  (Doc. 7, p. 5).   However, Parekh has produced no documentary evidence from the Indian Embassy, or anyone connected with the government of India to substantiate his assertion that travel documents will not be issued.  Under <u>Zadvydas</u>, Parekh must provide "good reason" to believe there is no likelihood of removal, 533 U.S. at 701, and Parekh has failed to make the showing here.

Accordingly, Parekh's removal from the United States remains reasonably foreseeable and his petition will be denied. Parekh is free to file another § 2241 petition should he develop good reason to believe that removal is no longer reasonably foreseeable.

The court cautions ICE that, while we cannot say on the current record that "there is no significant likelihood of removal in the reasonably foreseeable future," Zadvydas, 533 U.S. at 701, at some point in time, the inability of ICE to obtain travel documents may provide "good reason" to believe the removal is unlikely to be carried out. There is no evidence of record that Parekh has refused to cooperate in procuring travel documents. Nor has ICE explained or documented any recent steps taken to procure such papers. "For detention to remain reasonable, as the period for confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

AND NOW, this 3rd day of January, 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED without prejudice to Parekh to file another § 2241 petition should he develop good reason to believe that removal is no longer reasonably foreseeable.

2. The Clerk of Court is directed to CLOSE this case.

      /s/ Christopher C. Conner
     CHRISTOPHER C. CONNER
     United States District Judge